as to the moisture content in each shipment of ore, it was held that an allowance for moisture should have been made in determining the dutiable weight of the tungsten ore, and the collector was directed to reliquidate the entries assessing duty at 50 cents per pound upon the basis of the net weight reported by the Government, less the weight of the moisture, agreed to by both sides.

BEFORE THE THIRD DIVISION, OCTOBER 18, 1948

**No. 52621.**—William Prentiss, Jr., as Trustee in Bankruptcy of National Merchandise Corporation *v.* United States, petition 6492–R (Los Angeles).

Opinion by CLINE, J. From the testimony it appeared that prior to filing the entries herein the customs broker submitted the invoices to the examiner; that the invoice values were the purchase prices of the merchandise, but that the merchandise could not be made up for a period of 5 or 6 months; that when it was shipped, there was a higher value on it; that entry was made at the invoice value because the appraiser did not have any value; that the appraised values represented the market values upon the dates of exportation, as distinguished from the market values on the dates of purchase; that the issue as to whether goods are dutiable at their purchase price when it takes a period of time to manufacture them, or at the quotations on the date of exportation, was settled by the courts [*White Lamb Finlay, Inc.* v. *United States*, 29 C. C. P. A. 199, C. A. D. 192] subsequent to the filing of these entries and appeals for reappraisement; and that such appeals were abandoned after the decision above referred to had been rendered. Although the entries in the instant case appeared to have been based upon an erroneous conception of the law, the evidence did not indicate that there was any intent to deceive the appraiser or defraud the revenue. The petition was therefore granted.

**No. 52622.**—William Prentiss, Jr., as Trustee in Bankruptcy of National Merchandise Corporation *v.* United States, petition 6496–R (Los Angeles).

Opinion by CLINE, J. From the testimony it appeared that prior to filing the entries herein the customs broker submitted the invoices to the examiner; that the invoice values were the purchase prices of the merchandise, but that the merchandise could not be made up for a period of 5 or 6 months; that when it was shipped, there was a higher value on it; that entry was made at the invoice value because the appraiser did not have any value; that the appraised values represented the market values upon the dates of exportation, as distinguished from the market values on the dates of purchase; that the issue as to whether goods are dutiable at their purchase price when it takes a period of time to manufacture them, or at the quotations on the date of exportation, was settled by the courts [*White Lamb Finlay, Inc.* v. *United States*, 29 C. C. P. A. 199, C. A. D. 192] subsequent to the filing of these entries and appeals for reappraisement; and that such appeals were abandoned after the decision above referred to had been rendered. Although the entries in the instant case appeared to have been based upon an erroneous conception of the law, the evidence did not indicate that there was any intent to deceive the appraiser or defraud the revenue. The petition was therefore granted.

**No. 52623.**—Karl Sapper & Sons; W. X. Huber Co. *v.* United States, petition 6636–R (Los Angeles).